GEORGE SCOTT *v.* DAVIS, STARTS & CO.

**Debt—Defense—Statute of Frauds.**

If defendant only agreed to stand good for payment and the goods were bought by another on his own account, he is not liable on such an agreement unless the same is in writing.

**Defense.**

Where goods were contracted for by Anderson, the fact that they were charged to Scott did not create any liability on Scott, and a subsequent promise by Scott, unless in writing or made before delivery was completed, would not bind him to pay for such goods.

Where in a contract between Anderson and Scott the latter agreed to pay for such goods, but failed to do so, the seller could not recover from Scott.

**Evidence.**

Such written contract between Anderson and Scott is not admissible in evidence in a suit by the seller to collect from both Anderson and Scott.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 30, 1874.

OPINION BY JUDGE LINDSAY:

Scott's defense assumes two phases: He denies that the material was sold and delivered to him, or on his credit, or that he agreed to pay any portion of the price therefor, except as directed by Marshall and Anderson. He also claims that any agreement to pay, that may have been made by him was a promise to answer for the debt of Marshall and Anderson, and insists that he cannot be bound thereby unless it be shown that the agreement was in writing. This last defense is not directly raised by the pleadings, but inasmuch as appellees ignore Marshall and Anderson, and sue Scott as the original purchaser, the latter can rely on the statute of frauds in case such a ground of defense is developed by the proof.

It is unnecessary to review the testimony. It is sufficient to say that there was evidence before the jury, conducing on one hand to establish appellees' claim, and on the other to make good appellant's defenses.

Instruction No. 5, given for appellant, is a correct exposition of the law of the case, upon the hypothesis that the credit was extended to Scott, and the material delivered upon his agreement to pay. Instructions Nos. 1, 2 and 3, given for appellees, were calculated to mislead, and are not entirely consistent with instruction No. 5. It is clear that the material was contracted for by Anderson; and yet these in effect declare, that if the credit was given to Scott, whether Anderson had the right to represent him or not, or whether Anderson professed to have such right, and Scott afterward at any time agreed to pay for it, that the law was for appellees, unless Anderson, either with authority bought for Scott, or without authority

bought for him, ratified his purchase, and accepted the material purchased. The mere fact that appellees charged to Scott, and determined to look to him for pay, did not create a liability on his part. The debt would, notwithstanding all this, be that of Anderson or of the firm of Marshall and Anderson; and a subsequent promise by Scott to pay it, would not bind him unless it was in writing, or unless it was made before the delivery of the material was completed, and was intended to substitute him for Marshall and Anderson as the principal debtor. Instruction No. 5, as before stated, gives the law upon this branch of the case, with accuracy and precision. Instruction No. 4 is still more objectionable. Scott, in a settlement with Marshall and Anderson, may have charged them with the amount due to appellees on the building materials, knowing at the time that the same had been charged on the books of appellees to him; yet, notwithstanding all this, and the further fact that the materials were ordered to be used on his house, it does not necessarily follow that he is liable to appellee. If Davis, Starts & Co., of their own motion charged the material to Scott, merely because they were unwilling to credit Marshall and Anderson, they cannot connect this unauthorized act upon their part, with the subsequent action of Davis in a transaction with which they had nothing to do, and were in no wise connected, and thereby create a liability against him that otherwise would not exist. The facts recited in the instruction may conduce to show that Scott was in fact the real debtor from the beginning by reason of an agreement of some kind with appellees; but they are not conclusive of the question; either as to the agreement or its legal effect.

If Scott contracted with Marshall and Anderson to pay appellees the balance due them, and failed to do so, they (Marshall and Anderson) may sue him for his breach of contract; but appellees cannot take advantage of a transaction to which they were not parties, and in which, so far as the facts set up in said instructions conduce to show, they had no interest.

The court properly excluded from the jury the written contract between Scott and Marshall and Anderson. It does not appear that this contract was ever shown to appellees, and hence they could not have contracted with reference to its contents. The oral proof as to the statements made to them relative to the agreement between Scott and Marshall at the time the sale of the material was being negotiated, was admissible, to enable the jury to determine as to the exact terms of said sale, but the written contract, which

they never saw, could throw no light upon this subject. Appellant had no right to demand an inspection of appellees' books; such a proceeding involved an unreasonable intermeddling with the private books and papers of another.

There is no objection to the action of the court, in modifying and refusing instructions asked by appellant. For error in giving instructions for appellees as hereinbefore pointed out, the judgment is *reversed* and the cause remanded for a new trial, upon principles consistent with this opinion.

*Lee & Romad, for appellant.*
*Russell & Helm, for appellees.*